### H. E. TAYLOR & CO. v. FITZGERALD.

(Supreme Court, Appellate Term. June 21, 1912.)

COURTS (§ 188*)—JURISDICTION—NEW YORK CITY MUNICIPAL COURT.

> A counterclaim for an accounting for money received by plaintiff as trustee for defendant is a matter of equitable jurisdiction, which the Municipal Court of New York City cannot entertain.

> [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 437–468; Dec. Dig. § 188.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by H. E. Taylor & Co. against John H. Fitzgerald. Judgment for defendant on a counterclaim, and plaintiff appeals. Reversed, and new trial granted.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Frank X. Sullivan, of New York City, for appellant.
Clifford G. Ludvigh, of New York City, for respondent.

BIJUR, J. Both plaintiff and defendant were creditors of one Sloan, a funeral director, and by agreement plaintiff undertook to handle all the receipts of Sloan's business and pay certain proportions thereof to defendant. While plaintiff sues for goods sold and delivered, which claim is not contested, the defendant counterclaims for his share of the income of the undertaking business. This counterclaim is a matter of equitable jurisdiction; that is, a claim for an accounting by the defendant, in which he asserts that the plaintiff acted as trustee for the defendant of sums of money received. Marvin v. Brooks, 94 N. Y. 71, 80, 81. The Municipal Court is therefore without jurisdiction to entertain the action thereon.

As the defendant admits the indebtedness sued for by plaintiff, judgment would ordinarily be directed on appeal in favor of plaintiff; but as the defendant may, in view of our decision, be advised to take steps to protect himself in respect of the counterclaim, a new trial is granted, with costs to appellant to abide the event. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes